IN THE UNITED STATES DISTRICT COURT
FOR THE _District_ DISTRICT OF _Columbia_
_____ DIVISION

*(Write the District and Division, if any, of
the court in which the complaint is filed.)*

Gary Hamilton
13204 Burwing oan ct
walдеorf, MD 20601

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Thomas Parer, In his
official Capacity as the
Secretary of Labor

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case Alleging
Breach of Contract**
(28 U.S.C. § 1332; Diversity of
Citizenship)

Case: 1:16-cv-00826          (F-Deck)
Assigned To : Unassigned
Assign. Date : 5/3/2016
Description: Pro Se Gen. Civil   Jury Demand

Jury Trial:      ☑ Yes   ☐ No
                *(check one)*



RECEIVED
Mail Room

APR - 8 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia



RECEIVED
Mail Room

MA⌐ 8 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Gary Hamilton |
| Street Address | 12304 Burning oak ct. |
| City and County | waldorf, ~~md 2060~~ |
| State and Zip Code | MD 20601 |
| Telephone Number | 240 419 3287 |
| E-mail Address | ghamilton @Aol. Com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Thomas Perez |
| Job or Title (if known) | Secretary of Labor |
| Street Address | 200 Constitution Ave NW |
| City and County | Washington ~~DC~~ |
| State and Zip Code | DC 20210 |
| Telephone Number | 202 866 487 2365 |
| E-mail Address (if known) | unknown |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

Defendant No. 3

Name    _____

Job or Title    _____
(if known)

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

Defendant No. 4

Name    _____

Job or Title    _____
(if known)

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

3

**A.** **The Plaintiff(s)**

    1.    If the plaintiff is an individual

        The plaintiff, *(name)* ___Gary Hamilton___, is a citizen of the State of *(name)* ___Maryland___.

    2.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

**B.** **The Defendant(s)**

    1.    If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or is a citizen of (foreign nation)* _____.

    2.    If the defendant is a corporation

        The defendant, *(name)* ___Thomman Perez___, is incorporated under the laws of the State of *(name)* ___the District of Columbia___, and has its principal place of business in the State of *(name)* ___the District of Columbia___. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**C.** **The Amount in Controversy**

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)* _____, and the defendant, *(name)* _____, made an agreement or contract on *(date)* _____. The agreement or contract was *(oral or written)* _____. Under that agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*

___See Complaint___

_____

_____

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*

___See Complaint___

_____

_____

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to

actual or punitive money damages.

*See Complaint*

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20__.

Signature of Plaintiff _____

Printed Name of Plaintiff _____Gary Hamilton_____

### B. For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

Telephone Number _____

E-mail Address _____

FEDEREAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GARY HAMILTON , et al,<br>12304 Burning Oak Court<br>Waldorf, MD   20601 )<br><br>Plaintiff – Pro Se<br><br>vs.<br><br>Thomas E. Perez , in his official<br>Capacity of the U.S. Department<br>Of Labor<br><br>Defendant. | CASE NO:<br><br>COMPLAINT FOR<br><br>(1) BREACH OF CONTRACT;<br>(2) SPECIFIC PERFORMANCE; AND<br>(3) DECLARATORY RELIEF. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now Plaintiff GARY HAMILTON ("Plaintiff"), and similarly situated others, which states by and for its

complaint against the Secretary of Labor in his official Capacity ["the Defendant"] Executive

Department as follows:

## INTRODUCTION

1. The Federal Employees' Compensation Act ["the Act"], is the workers' compensation program for federal employees. Like all workers' compensation programs, the Act pays disability, survivors, and medical benefits, without fault, to employees who are injured or become ill in the course of their federal employment and the survivors of employees killed on the job. The Act's program is administered by the Defendant Agency and the costs of benefits are paid by each employee's host agency. Employees of the U.S. Postal Service (USPS) currently comprise the largest group of the Act's beneficiaries and are responsible for the largest share of the Act's benefits.

   **Elements of the Act's program include**

1

RECEIVED
Mail Room

MAR 18 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

- basic disability benefits equal to two-thirds of an injured worker's pre-disability wage, which rises to 75% of the pre-disability wage if the worker has any dependents;

- disability benefits that continue for the duration of disability or the life of the beneficiary and in cases of traumatic injuries, beneficiaries can receive a continuation of their full pay for the first 45 days;

- disability benefits for persons with specific permanent partial disabilities, such as the loss of a limb, for a set number weeks provided by schedules set by statute and regulation;

- all medical costs associated with covered conditions without any copayments, cost-sharing, or use of private insurance by the beneficiaries;

- cash benefits for the survivors of employees killed on the job based on the worker's wages and a modest benefit for funeral costs; and

- vocational rehabilitation services to assist beneficiaries in returning to work.

2. The Act's program is authorized in statute at 5 U.S.C. Sections 8101 *et seq*. Regulations implementing the Act are provided at 20 C.F.R. Sections 10.00-10.826. The Act program is administered by the Defendant Sub-Component, the Office of Workers' Compensation Programs- OWCP ["the Office"].

3. The Act's Amendments of 1949, P.L. 81-357, brought about the first set of significant changes to the FECA program since its inception in 1916.
The 1949 amendments, in the words of the House Committee on Education and Labor, sought to "modernize and liberalize" the Act's program, which, according to the Senate Committee on Labor and Public Welfare, provided *"only illusory security"*.

4. This action arises out of the Defendant structural and systematic inaction to conform to this Congressional intent, e.g to " modernize and liberalize" the Act's program or alternatively breach of contract between the Plaintiff and claimant employees.

5. Furthermore, the Defendant Agency existing structural practices and procedures denies legitimate Plaintiff and other similarly situated federal worker' compensation claims in Violation of longstanding employee-employer common law convenant [1] contract .

6. These structural practices and procedures are a patent misconstruction of the Act and has resulted in a clear disregarded of a specific and unambiguous statutory directive or a specific command of the Act; and, affect thousands of injured employees with Legitimate injuries or illnesses caused by the Defendant.

7. Plaintiff seeks damages from Defendant for breach of contract; damages, including treble damages, for breach this long standing common law convenant of good faith and fair dealing; and, a declaration of certain rights, duties and responsibilities of all parties .

---

1. Congress, in enacting the Act, provided a statutory waiver of the sovereign immunity of the United States Government for injuries arising out of the performance of a federal employee's job activities. Nevertheless, in doing so required each side, both employee and employer, gives up something to make it equitable and fair to both parties. Its primary purpose is to shield injured federal employees and their families from loss while limiting the employers" liabilities. *"The employer relinquished the defenses enjoyed under the common law, but this loss was offset by a known level of liability for work-place injuries and deaths. The employee gave up the opportunity for large settlements provided under the common aw, but receives the advantage of prompt payment of compensation and medical bills. These tradeoffs make the federal workers' compensation system fair and equitable to both parties. However, where either party does not receive the benefits of this covenant, the system becomes unacceptable. When FECA was amended in 1974, Congress stated it is essential that injured or disabled employees of all covered departments and agencies, including those of the United*

*States Postal Service, be treated in a <u>fair and equitable manner</u>. <u>The Federal Government should strive to attain the position of being a model employer</u>". (Parker)*, 9 ECAB 200 (1956).

5. Initial and/or termination decisions are often arbitrary and erroneously made by claims examiners, often without any legal or medical procedural training underpinning, thus without adequate true oversight and accountability unlike the States which Congress intended.

6. This system is structured such that any expense will be forgone for medical expense if it will not clearly result in a return to work. Thus, clearly violates the common law convenant of good faith and fair dealing.

7. *<u>This lawsuit is not a challenge to the provision of the Act's closed door provision or exclusive remedy, but rather the omission</u>[2] <u>of the Defendant to reform and modernize and liberalize, or in the alternative comply with the common law convenant required by</u> the Act. Unlike the States worker compensation programs, programs allow claimants fair and disinterested appeals rights- where final decisions are subject to review by truly independent entities such as administrative law judges/ commissioners & the use of simple* <u>claimant and medical checklist forms</u>*, requesting all information needed by the Defendant to process their worker compensation claims.*

---

2.The American Postal Worker Union testified on May 12, 3011 before the Subcommittee on workforce , U.S. House of Representatives that the Act is supposed to be a non-adversarial, yet many workers and their physicians would disagree. In addition to the losses that were previously presented, they exists adversarial scrutiny that are often subjected to Physicians frustration and an unwillingness to participate in the Offices' program. OWCP requires an extraordinary amount of paperwork from them and pays poorly for medical services; just 5% over the Medicare fee schedule. It is not enough for treating physicians to give their expert-medical opinion, confirming that a condition is work-related based on their examinations, testing and findings; their medical narratives are often rejected by claims examiners who have no medical background stating the doctor's opinion is not good enough because the doctor failed to share his or her reasoning. Prescribed medical treatment is often delayed or denied. In recent testimony presented by OWCP, the Acting Director stated "overcoming actual physical limitations exact a high price", which

"means a more costly program". Taken in context, he seemed to imply that the Program will forgo the expense of medical treatment if it won't clearly result in a return-to-work.

8. The lack of reform mandated by Congress has caused to qualified physicians either do not participate in the program or the few that do participate are not disinterested and independently minded physicians who conduct tainted Defendant ordered second or/and referee medical opinions.

## PARTIES

8. Defendant , Mr. Thomas E. Perez, Secretary of Labor is, and at all relevant times mentioned herein, a Department of the executive branch of the federal government, organized and existing under the laws of the United States with its principal place of business in the District of Columbia

9. Plaintiff', Mr. Gary Hamilton, resident of the State of Maryland, Charles County, since 1986 and employed with Defendant Agency from 2005-2009. The Plaintiff was a federal worker since 1994 until his disability retirement in 2009.

10. Plaintiff occupational illnesses were sustained at the defendant facility, while perform his official duties in January 2008.

12. Plaintiff is at all relevant times mentioned herein possessed a pre- existing vision challenge, in addition to his hands, back, Shoulder, and, neck conditions.

13. The Employees' Compensation Appeals Board ["the Board"] was created by Reorganization Plan No. 2 of 1946 (60 Stat. 1095), effective July 16, 1946.

The Board is a three member quasi-judicial body which has been delegated

exclusive jurisdiction by Congress to hear and make final decisions on

appeals from determinations of the Office in claims of federal employees

arising under Act.

14. The injured worker has inadequate or non effective and non independant final appeal

rights via the Employee Commission Appeals Board whom members are

appointed by the Defendant. Also, before the ECAB process, the defendant has hearing

officers, who suffer the same inequities as the ECAB.,

15. The Plaintiff opines that these hearing officers represents the Office's head, which

render non-independency decision of appealed cases for the Office, known as the Branch of

Hearing and Appeals [BHA].


16. The Board's jurisdiction is strictly camouflaged as an appellate body and extends to

questions of fact and law. The Board's decisions are binding upon the Office and but must

be accepted and acted upon by the Director. These members of the Board are strangely

appointed by the Defendant Secretary, thus given further appearance of the non-

independency of the Broad when making final case review and decisions.

### JUDICATION ON AND VENUE

17. The jurisdiction of this Court is based upon complete diversity of citizenship

pursuant to 28 U.S.C. § 1332(a). The amount in controversy, exclusive of interest and costs,

exceeds the sum of $75,000.

18. This Court is the proper venue for the present action pursuant to 28 U.S.C. § 1391(a) for numerous reasons, including: (a) the Agency is and always has been based in the District of Columbia; (b) the worker compensation insurance at issue was eligible to the Plaintiff in the District of Columbia; (c) and, the Agency has done business and continues to do business in this District.

### THE UNDERLYING ACTION

19. Plaintiff, a vision ally challenged claimant sustained on the job occupational disease type injuries to his right shoulder , neck , back and hands due to repetitive motion stress overuse.

20. Plaintiff illnesses were sustained on Defendant premises in January 2008, while performing his duties as assigned by Defendant agents.

21. Plaintiff was employed at defendant agency from December 2005 until December 2009.

22. Defendant worker compensations practices and procedures **wholly deprives injured employees of a meaningful and adequate means of vindicating [their] statutory rights under the Act.**

23. Defendant sort acceptance/approval under Defendant Agency worker compensation system managed by the Office beginning on or about March 2008, but claims were not accepted to date. Additionally, the Plaintiff's health has worsened as a result of lack of Rehabilitation if claims were accepted.

**24. The Office has not accepted one of Plaintiffs' carpal tunnel syndrome claim alleging lack of fact of injury,** provisions found at Chapter 3, Section 0803 , the Office's Act Part 2 Procedures Manual.

25. The Plaintiff has admitted into the record a witness statement confirming his

7

allegations concerning the occurrence of the injury, but only to be denied/overlooked.

**26.** Thus, the Plaintiff has proven positively his fact of injury claim to his carpal tunnel syndrome claim worker  compensation benefits

**27. With regard to Plaintiff 1st illness, right shoulder, back and neck  repetitive overuse claim, the Office has a Claims procedural manual utilized by claim examiners in evaluating the claimant medical opinions/evidence: it is found at  Defendant Procedure Manual , Part http://www.dol.gov/owcp/dfec/regs/compliance/DFECfolio/FECA-2/group1.htm#20805 Chapter 2, Section 0805 – Causal Relationship**

### Evaluating Medical Opinions.

a. Determining Causal Relationship. The degree of difficulty in determining causal relationship depends mainly on:
(1) The precise employment factors accepted as occurring within the performance of duty or the nature of the injury which is implicated;
(2) The nature of the disability or the cause of death for which compensation is claimed;
(3) The time which elapsed between the injury and the onset of the condition causing disability; and
(4) The employee's medical history.

To be sure, no one except, the claims examiner or supervisor makes or interprets the quality or validity of the Defendant's medical opinion or narrative.  There are no administrative law judges, commissions, or other independent party applying case law to each claim.  The ECAB is not a true appellate body due to its organizational attachment to the defendant and additionally only review for case law conformance and simply remand back to the Office for a decision.

28. The Plaintiff met all four requirements required in proving his claims to worker compensation benefits.

29.  As a result of claims not being  accepted by the Agency, the Plaintiff has been constructively forced to retire on or About December 15, 2009, from the Agency employment and; also, to file for Bankruptcy Chapter 7 in 2009.

30. The Oestereich Court has observed that judicial oversight is needed

to protect against "freewheeling agencies meting out their brand of justice in a vindictive manner". Oestereich v. Selective Serv. Sys. Local Bd. No. 11, 393 U.S. 233 (1968)

31.Thus, where agency action contravenes a specific statutory prohibition and results in the overstepping of the agency's delegated powers, judicial review is not barred judicial review." Oestereich v. Selective Serv. Sys. Local Bd. No. 11, 393 U.S. 233 (1968)

32. The Plaintiff has also sustained consequential injuries, but has been prevented from filing any claim[s] to the Agency citing initial occupational claim must be accepted before Consequential injuries can be accepted.

33. The Plaintiff and other employees , past and present, whom were victims of traumatic injuries such as slips and falls, muscle tears and herniated disc injuries, repetitive motion stress, etc. ,causing injuries to their back, shoulder, back, shoulder and hands. These legitimate claims, particularly repetitive stress claims were wrongfully denied their benefits, as in the case of the Plantiff.

34. Claimants/Plaintiff are subjected to second opinions, and independent medical examinations, rather than trusting the opinion of the claimant's treating physician who understands the extent of the disability and is responsible for prescribing medical treatment. All of this needlessly adds to the cost of the program. These factors have made it difficult for claimants to find and keep doctors. When claimants do find doctors that are willing to treat them, claimants have been barred from using them if they are located further than 25 miles away. To the contrary, the Office regularly finds it acceptable to send claimants more than 100

miles away for their directed exams.  The Office also refuses to adjudicate questionable job

offers for suitability;  rather a claimant is required to refuse a job offer and risk going without

income while the program takes months to make a suitability determination.

35. These factors, coupled with the Office's recent and sweeping Proposed Rulemaking

changes and portions of  Federal Injured Employees Re-employment Act [FIERA], all bring

additional favor to employing agencies; cause unnecessary harm, in some cases

irreparable harm, to injured workers and their families and do little to promote the non-

adversarial program the Act as intended  by Congress. These efforts further

diminishes or disregared the Act's commom law conventant. They should not be

permitted to stand.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

36.  Plaintiff repeats and re-alleges the allegations of paragraphs 1 – 35, as if fully set in

complaint forth herein.

37.  Plaintiff  has complied fully with all of the terms and conditions of the Defendant worker

compensation acceptance criteria and has fulfilled each obligation on its part in order for

immediate acceptance of his claims.

38. Defendant has breached its obligations to Plaintiff under the common law treatise .

39.  As a direct and proximate result of Defendant breach of contract and failure to

recognize and abide by its duty to promptly pay  worker compensation benefits and medical

treatment, including  rehabilitation cost.

40. As a result of Plaintiff actions , the Plaintiff has suffered ill reparable harm.

## SECOND CAUSE OF ACTION:

10

## BREACH OF IMPIED COMMON LAW COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiff repeats and re-alleges the allegations of paragraphs 1 – 40, as if fully set forth herein.

42. Defendant at all material times had a duty to act fairly and in good faith toward Plaintiff in carrying out its responsibilities under common law convenant. Part of Defendant obligation to act fairly and in good faith toward Plaintiff is its duty to promptly and fairly respond to claims and requests of Defendant and to make *reasonable, good faith evaluations and decisions* concerning such claims and requests. The implied covenant of good faith and fair dealing further constituted promises and obligations on the part of the Agency Defendant that it would do nothing to injure, frustrate or interfere with the rights of Plaintiff and common law convenant to receive the benefits of that employee-employer agreement.

43. Defendant has breached the implied covenant of good faith and fair dealing by engaging in a course of conduct wrongfully and vexatiously to refuse to provide worker compensation coverage due and owing to Plaintiff. In contravention of its duties and obligations, Defendant has, among other things:

(a) decided without any reasonable basis in fact or law, and for its own

purposes and to serve its own desires, e.g. to save money, to take unreasonable positions regarding application of the commom law convenant to the Underlying Action;, and to deny coverage for the Underlying Action; asserted, without any reasonable basis, and without regard to its obligation to pay and authorize treatment benefits to Plaintiff;

(b) construed the Underlying Action in a manner to support its own position

rather than construing the Underlying Action in favor of coverage as

11

required by common law;

(c) engaged in a pattern and practices of delay and evasiveness, designed to keep Plaintiff unpaid for covered expenses while Defendant attempted to manufacture reasons or bases to deny Plaintiff coverage under its existing worker compensation program.;

(d) consciously failed to conduct a reasonable and thorough investigation of the Underlying Action and of possible bases for coverage, all in violation of accepted Act's custom, practice and standards, and its duties to Plaintiff.

44. Defendant did these things and committed the acts alleged above for the purpose of consciously withholding from Plaintiff the rights and benefits to which he is entitled under the Act, and with considering SOLELY THE INTERESTS of its client Agencies. The employing Agencies' sole factors with regard to its performance of the Administration of their worker compensation program under the Act are solely focused on reducing cost, and thus failing to render fair treatment to injured employees.

45. Defendant acts are inconsistent with the reasonable expectations of its claimants, are contrary to established norms, practices and legal requirements related to worker compensation claims, are contrary to the express terms of the Board Policy, and constitute bad faith, a breach of the implied covenant of good faith and fair dealing, a violation of the Act, as well as negligence.

46. Defendant's conduct is and has been undertaken with a conscious disregard of Plaintiff's rights as beneficiaries of the Act.

47. In light of information, facts, and relevant law to the contrary, Defendant, by acting as alleged above and as will be proved at trial, consciously disregarded Plaintiff's rights

12

And has prejudiced, and continues to prejudice Plaintiff, which forced Plaintiff to incur substantial financial losses in connection with the Underlying Lawsuit and to take action to pursue the compensation coverage to which Plaintiff rightfully is entitled. Defendant has established a pattern of wrongly refusing coverage, causing great prejudice and mental anguish to Plaintiff and other similarly situated claimants. Defendant has ignored Plaintiff's interests and concerns through oppressive, malicious and fraudulent conduct.

48. As a direct and proximate result of Defendant' breaches, Plaintiff has suffered and continues to suffer substantial damages, in an amount exceeding the jurisdictional minimum of this Court, and to be determined at trial. Such damages include, among other things, those defense fees and costs incurred or to be incurred in the Underlying Lawsuit.

49. Plaintiff also has incurred and continues to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled and which Defendant wrongfully has denied under the Act.

### THIRD CAUSE OF ACTION:
### DECLARATORY RELIEF

49. Plaintiff repeats and re-alleges the allegations of paragraphs 1 - 49, as if fully set forth herein.

50. Plaintiff believes and contends that claims made and pursued against Defendant are not excluded under the Act. Plaintiff believes that amounts incurred or to be incurred in defending Defendant Underlying Action, the amount of any settlement or judgment therein, and Plaintiff's indemnification of such amounts are covered under the Act.

51. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

52. The issuance of declaratory relief by this Court should terminate some or all of the existing controversy between the parties.

53. Plaintiff is entitled to a declaration of the rights and obligations of the parties,

including, but not limited to, a finding that:

(a) Defendant must pay Plaintiff for those defense fees and costs Plaintiff has incurred or;
will,
(b) incur in connection with the Underlying Action, and

subject to the limits of the Act; and

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter a judgment as follows:

A. With respect to the First Cause of Action, for damages against Defendant

according to proof at the time of trial, plus interest;

B. With respect to the Second Cause of Action:

(1) Damages according to proof at the time of trial, plus interest; and

C. With respect to the Third Cause of Action, for a declaration that Defendant is

obligated:

(1) to pay Plaintiff for those defense fees and costs which Plaintiff

has incurred or will incur in connection with the Underlying Action,

; and,

(2) to pay Plaintiff for any amounts which are incurred by Plaintiff

for any settlement of or judgment in the Underlying Action, and which Plaintiff is obligated to

indemnify Plaintiff, subject to the limits of the Act.

D. With respect to all claims, attorney fees, costs and other expenses incurred in

obtaining the benefits due under the Defendant according to proof at the time of trial,

including interest on such amounts.

E. This Court remand this case to the Justice Department to establish

Procedures and practices consistent with Congressional intent of the Act, that provides adequate

14

Systems of processes and procedures and to include true administrative appellate process.

F. Such other relief as the Court may deem just and proper.

Submitted by Gary Hamilton – Pro Se

Date: _____3/14/16_____