UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY HAMILTON,                                )
                                              )
            Plaintiff,                        )
                                              )
                                              )   Case: 1:16-cv-00826          (F-Deck)
v.                                            )   Assigned To : Unassigned
                                              )   Assign. Date : 5/3/2016
THOMAS E. PEREZ,                              )   Description: Pro Se Gen. Civil  Jury Demand
                                              )
            Defendant.                        )

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and his a *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff, who describes himself as "a visionally challenged claimant[, allegedly] sustained on the job occupational disease type injuries to his right shoulder, neck, back and hands due to repetitive motion stress overuse," Compl. ¶ 19, while employed by a federal agency, *id.* ¶¶ 20-21. He submitted a workers compensation claim in March 2008, and his claim was not accepted. *Id.* ¶¶ 23-24. Plaintiff has asserted that he met all the requirements "in proving his claims to worker compensation benefits," *id.* ¶ 28; *see id.* ¶ 26, and "[a]s a result of claims not being accepted . . . , the Plaintiff has been constructively forced to retire on . . . December 15, 2009. . . and . . . to file for Bankruptcy Chapter 7 in 2009," *id.* ¶ 29. Meanwhile, plaintiff claimed, his "health has worsened as a result of lack of [r]ehabilitation [he could have received] if [his] claims were accepted." *Id.* ¶ 23.

In this action, plaintiff purports to bring contract claims against the defendant, *see id.* ¶¶ 37-40, 42-48, and he demands a declaratory judgment *see id.* ¶¶ 50-53, and monetary damages,

*see id.* ¶¶ 7, 17. Because the Federal Employees Compensation Act ("FECA") provides a federal employee's exclusive remedy for compensation for on-the-job injuries, this Court has no jurisdiction over plaintiff's claim for workers' compensation benefits. *See, e.g., Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) ("[B]y reason of the FECA's judicial door-closing provision, the district court would be without subject matter jurisdiction to entertain [plaintiff's] action if it were to be found to be an action against the Government under the FECA."). Nor does this Court have subject matter jurisdiction over a contract claim against the federal government where, as here, plaintiff demands damages in excess of $10,000, *see, e.g., Burg v. U.S. Dep't of Health & Human Servs.*, 387 F. App'x 237, 240 (3d Cir. 2010), and files his claims after the six-year limitations period, *see* 28 U.S.C. § 2501, has expired.

The complaint will be dismissed for lack of subject matter jurisdiction. An Order is issued separately.

_____
United States District Judge

DATE: 4/29/2016